I respectfully dissent from the majority decision to affirm the Deputy Commissioner's Opinion and Award in this case.
I don't believe that there is sufficient evidence in the record to support the finding that plaintiff's exposure to dust in defendant-employer's warehouse placed her at an increased risk over that of the general public of aggravating her asthmatic condition. Dr. Douglas G. Kelling, Jr., an expert in internal medicine and pulmonary disease, testified that plaintiff's asthma was not characteristic of or peculiar to warehouse work, and that her exposure to dust in the workplace did not place her at an increased risk over that of the general public in aggravating an asthmatic condition. There was no evidence presented that the dust in the warehouse contained any unusual irritants not found in the kinds of dust the general public is exposed to every day in many environments.
Nor does the evidence in the record support the majority's finding that plaintiff's exposure to dust in the workplace constituted a significant causal factor in the aggravation of her respiratory condition. Dr. Kelling further noted that plaintiff's history indicated several other possible etiologies for her condition which were totally unrelated to her work. Plaintiff testified that she experienced exacerbations of her condition during high pollen counts, during the summer heat, when around flowers and when exposed to strong cologne. Plaintiff's own physician, Dr. William J. Long, a family practitioner with no specialty in lung conditions, testified that plaintiff had multiple factors causing her respiratory problems, and that it was not possible to rank one over another in determining a basis for the aggravation of her condition.
Lastly, Dr. Long appears to have relied upon the temporal relationship between plaintiff's employment and her increasing symptoms to establish a causal connection between the two. He stated that ". . . if you look at her records we're talking a long number of years she progressively became worse. I'm assuming that she worked in that environment over that period of time and her asthma progressively got worse. So based on that, I would say that working in a dusty or polluted environment probably did accelerate the degree and severity of her asthma." Dr. Long never viewed plaintiff's workplace. Plaintiff did not correlate her attacks with her time spent in the workplace when discussing her condition with Dr. Long. Accordingly, Dr. Long based his opinion of causation solely upon the fact that as far as he knew plaintiff worked in the warehouse while her condition worsened. This is insufficient expert testimony upon which to base the legal conclusion that plaintiff's employment was a significant cause of her disabling condition. Young v. Hickory Business Furniture,353 N.C. 227, 538 S.E.2d 912 (2000).
For these reasons, I vote to reverse the award of the Deputy Commissioner and deny plaintiff compensation for the disabling aggravation of a non-occupational disease.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER